IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD DAVID BROWN, JR.,**

    **Plaintiff,**

v.

**LINDA THOMAS, et al.,**

    **Defendants.**

Case No. 19-3027-DDC

### MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed under 28 U.S.C. § 2241 by Ronald Brown, previously a prisoner in federal custody (Doc. 1). Mr. Brown proceeds pro se.[1] Mr. Brown commenced this action on February 22, 2019, while incarcerated at the United States Penitentiary in Leavenworth, Kansas. He alleges the United States Probation office failed to apply certain credits to his sentence after he completed a drug abuse treatment program. *Id.* at 2. The government has responded to Mr. Brown's petition. Doc. 11. The court granted Mr. Brown's request for an extension of time to file his traverse[2] and set a new deadline of March 17, 2020. Doc. 13. But Mr. Brown never has filed a traverse. And the Bureau of Prisons' records show Mr. Brown was released from custody on March 16, 2020. Find an Inmate, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (use "Find by Number" hyperlink; then search number field for "24307-031") (last visited Apr. 30,

---

[1]     Because Mr. Brown proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2]     "[A] traverse is nothing more than a reply brief . . . ." *Martinez v. Kansas*, No. 05-3415-MLB, 2006 WL 3350653, at *2 (D. Kan. Nov. 17, 2006).

2020); *see also* Doc. 11-1 at 2 (Willett Decl. ¶ 3) (noting Mr. Brown "has a projected release date of March 1, 2020").

The court may grant a writ of habeas corpus only if the petitioner is "in custody" as defined in § 2241(c). Incarceration "always satisfies the case-or-controversy requirement" because it is always a concrete injury. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, the publicly available information demonstrates that Mr. Brown has been released from custody. And, Mr. Brown seeks application of time credits to his sentence, which now no longer apply to him. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release."). Nevertheless, the court must inquire "whether [the] petitioner's subsequent release caused the petition to be moot," that is, whether Mr. Brown has sustained "some concrete and continuing injury other than the now-ended incarceration (or parole)—some 'collateral consequence' of the conviction . . . ." *Spencer*, 523 U.S. at 7; *Williams v. Chester*, No. 08-3177-RDR, 2008 WL 4585465, at *1 (D. Kan. Oct. 14, 2018) ("A prisoner's release does not automatically render a petitioner moot, but the court must determine whether the petitioner is subject to collateral consequences sufficient to establish an injury in fact." (citing *Spencer*, 523 U.S. at 7)). The court thus orders Mr. Brown to show cause, **within 15 days of this Order**, why the court should not dismiss this case because it is moot. That is, Mr. Brown must demonstrate "some concrete and continuing injury other than the now-ended incarceration . . . ." *Spencer*, 523 U.S. at 7.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brown is directed to show cause **within 15 days of the date of this Order** why the court should not dismiss his Petition (Doc. 1) because his release from prison renders it moot.

**IT IS SO ORDERED.**

**Dated this 5th day of May, 2020, at Kansas City, Kansas.**

>                                   <u>s/ Daniel D. Crabtree</u>
>                                   **Daniel D. Crabtree**
>                                   **United States District Judge**